**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR. NO. 1:CR-00-119 |
| | ) (Chief Judge Kane) |
| v. | ) (Electronically filed) |
| | ) |
| **LARNELL DEVON MORRISON** | ) |

**<u>GOVERNMENT RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18,</u>**
**<u>UNITED STATES CODE SECTION 3582(c)</u>**

AND NOW comes the United States of America, by its undersigned counsel submits the following Response to the Defendant's Motion for Relief pursuant to Title 18 United States Code, Section 3582(c), and sets forth the following material factors in support thereof:

1. The defendant was previously convicted and sentenced for offenses involving the distribution of cocaine base, also known as crack cocaine.

2. The defendant was originally sentenced to a term of 136 months imprisonment, a sentence which represented the mid-point of the guidelines imprisonment range which the Court found to be applicable in this case, 121-151 months imprisonment. That guidelines imprisonment range was based upon the Court's finding that the defendant's offense level was 31 and the defendant's criminal history category was II.

3. Following imposition of this sentence, in December 2007 the United States Sentencing Commission enacted an amendment, Amendment 706, which reduced the guidelines offense level for drug distribution and conspiracy offenses involving cocaine

base by two offense levels, and further provided that this amendment applied retroactively to defendants who were sentenced prior to the effective date of this amended guideline.

4. The defendant has now moved pursuant to Title 18, United States Code, Section 3582(c), to be re-sentenced in accordance with this amended guidelines provision.

5. Upon review of the defendant's motion, and the underlying facts of this case, the United States agrees that the defendant is entitled to request some relief pursuant to Title 18, United States Code, Section 3582(c) since:

   A. The defendant was convicted and sentenced for drug trafficking involving cocaine base;

   B. The defendant's guidelines imprisonment range and sentence was determined based upon the quantity of drugs involved in this offense; and

   C. The defendant is not a Career Offender and the sentence imposed in this case is not based solely upon a statutory mandatory minimum.

6. Pursuant to Title 18, United States Code, Section 3582(c) and Guidelines Amendment 706, the revised offense level for this defendant appears to be 29, the defendant's criminal history category remains II, and the revised guidelines imprisonment range is 97-121 months imprisonment. The mid-range of this would be 109 months. If this sentence were imposed it would most likely result in a sentence of time served.

7. As an aid to the Court, the United States requests that the United States Probation Office prepare an addendum to the pre-sentence report, confirming the re-calculated guidelines imprisonment range in this case and describing any public safety factors in this case as well as the defendant's institutional history. However, the United

States submits that this motion can be determined without a hearing, or the necessity of the defendant's presence in Court.

8. If, upon consideration of the public safety factors and the defendant institutional history set forth in the addendum to the pre-sentence report, this Court concludes that a sentencing reduction is appropriate, the United States requests that this Court re-sentence the defendant within the new, revised guidelines to a sentence which is commensurate with the sentence originally imposed on the defendant within the guidelines range initially calculated in this case.

9. The defendant has a projected release date of February 25, 2010. If this revised sentence results in the imposition of s term of imprisonment which is satisfied by time-served, the United States requests that this Court direct that the defendant be released ten (10) days from the date of the entry of this re-sentencing order, in order to allow the Bureau of Prisons to complete release planning, conduct the violent sexual offender assessment mandated by law, and obtain any DNA samples required by law.

    Respectfully submitted,

    MARTIN C. CARLSON
    ACTING UNITED STATES ATTORNEY

    /s/ WILLIAM A. BEHE

    _____
    WILLIAM A. BEHE
    Assistant U.S. Attorney
    228 Walnut Street
    P.O. Box 11754
    Harrisburg, PA 17108
    717/221-4482 (Office)
    717/221-2246 (Fax)
    WILLIAM.BEHE@USDOJ.GOV
    Bar No. PA-32284

Dated: March 28, 2008

UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | ) CR. NO. 1:CR-00-119 |
| | ) (Chief Judge Kane) |
| v. | ) (Electronically filed) |
| | ) |
| **LARNELL DEVON MORRISON** | ) |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that she is an employee in the Office of the United States Attorney for the Middle District of Pennsylvania and is a person of such age and discretion to be competent to serve papers.

That this 28th day of March 2008, she served a copy of the attached

**GOVERNMENT RESPONSE TO MOTION FOR RELIEF PURSUANT TO TITLE 18, UNITED STATES CODE SECTION 3582(c)**

by placing said copy in a postpaid envelope addressed to the person hereinafter named, at the place and address stated below, which is the last known address, and by depositing said envelope and contents in the United States Mail at Harrisburg, Pennsylvania and/or by electronic means by sending a copy to the e-mail addresses stated below:

ADDRESSEE(S):

**James J. West**
 105 North Front Street
Suite 205
Harrisburg, PA 17101
E-mail:  ecf@jwestlaw.com


/s/ CYNTHIA A. ZIMMERMAN
_____
 CYNTHIA A. ZIMMERMAN
 Legal Assistant